# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNEDY NDOLO TIMINA,<br><br>Petitioner,<br><br>v.<br><br>MINGA WOFFORD, et al.,<br><br>Respondents. | Case No. 1:25-cv-0804-SAB-HC<br><br>ORDER DIRECTING PARTIES TO FILE SUPPLEMENTAL BRIEFS |

Petitioner, represented by counsel, is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner is detained pursuant to § 1231(a)(6). (ECF No. 1 at 2; ECF No. 12 at 1.[1]) The Supreme Court has "read an implicit limitation into" § 1231(a)(6) and held that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." Zadvydas v. Davis, 533 U.S. 678, 689 (2001). Thus, after a presumptively reasonable "6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id. at 701.

Here, both parties agree that Petitioner's detention has exceeded the presumptively reasonable six-month period. (ECF No. 1 at 2; ECF No. 12 at 4.) Petitioner asserts that

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

Immigration and Customs Enforcement ("ICE") "has failed to identify a third country willing to accept Petitioner, and there is no significant likelihood of removal in the reasonably foreseeable future." (ECF No. 1 at 7.) Petitioner contends that "he has cooperated, yet no country has agreed to accept him, no travel documents have been secured, and [Respondent] concedes that no removal is scheduled." (ECF No. 13 at 7.) However, Petitioner does not provide any details regarding his cooperation. Respondents have submitted a declaration of a deportation officer that states ICE is "actively pursuing [Petitioner]'s removal to a third country" but "[a]s of the date of this declaration, [Petitioner]'s removal has not been scheduled." (ECF No. 12-1 at 3.) However, Respondents do not provide any details regarding what actions have been and are being taken in pursuing Petitioner's removal to a third country.

The Court finds that supplemental briefing providing additional details in support of each of the parties' respective positions regarding the likelihood of removal in the reasonably foreseeable future would be helpful in this matter.

Accordingly, IT IS HEREBY ORDERED that:

1. Within **TWENTY-ONE (21) days** of the date of service this order, Respondents SHALL FILE a supplemental brief addressing the issue set forth above; and

2. Within **FOURTEEN (14) days** of the date of service of Respondents' brief, Petitioner SHALL FILE his supplemental brief.

IT IS SO ORDERED.

Dated:    **October 27, 2025**

STANLEY A. BOONE
United States Magistrate Judge

2